UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

KEVIN BASKERVILLE,

        Plaintiff,

  - against -

RICHMOND COUNTY FAMILY COURT;
RICHMOND COUNTY CRIMINAL
COURT; ADMINISTRATION FOR
CHILDREN'S SERVICES; FORENSIC
PSYCHOLOGY SERVICES OF NEW
YORK, PPLC; LAW OFFICE OF RALPH J.
PORZIO, ESQ. PLLC; OFFICE OF THE
DISTRICT ATTORNEY RICHMOND
COUNTY,

        Defendants.

------------------------------------------------------------ X




**MEMORANDUM & ORDER**

19-CV-602 (AMD) (LB)

ANN M. DONNELLY, United States District Judge:

On January 29, 2019, the *pro se* plaintiff, Kevin Baskerville, filed a request to proceed *in forma pauperis* and this action against two Richmond County state courts, the Office of the Richmond County District Attorney, the Administration for Children's Services, a law firm and a psychologist's office involved in his ongoing state family and criminal court proceedings. He seeks damages. On February 20, 2019, the plaintiff paid the filing fee. Based on my review of the complaint, I find that it does not comply with Fed. R. of Civ. P. 8. The plaintiff is directed to file an amended complaint within 30 days of the date of this Order.

## BACKGROUND

The plaintiff's pleading is 191 pages long: a 22-page complaint referencing 169 pages of exhibits. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). The statement of claim is very difficult to

follow. However, one of the attachments to the complaint, a November 20, 2018 letter written on the plaintiff's behalf by The Jewish Resource Board, includes the following facts. (*See* ECF No. 1-2 at 162-69; ECF No. 1 at 6-7, ¶¶ 1-4.) The plaintiff is the custodial parent of his daughter, and the mother has visitation. The plaintiff alleges that the girl's mother and her mother's boyfriend abused his daughter in 2018. A report was filed with State Central Registry, ACS investigated, and then closed the case. The plaintiff objects to the quality of the investigation, and says that ACS staff members and the Family Court did not address his allegations. He also is concerned that his daughter will be subject to further abuse during future visits with her mother.

The plaintiff also seems to raise claims about the circumstances of a criminal charge arising from a June 2017 domestic incident report involving his daughter's mother, which appears to have resulted in an adjournment in contemplation of dismissal. (ECF No. 1 at 7, ¶ 5.)

As a basis for this Court's jurisdiction, the plaintiff lists nearly fifty statutes, codes and rules and Amendments to the United State Constitution. (ECF No. 1 at 4-5.) His statement of claim, ECF No. 1 at 6-20, is primarily a series of 35 paragraphs structured in the following manner:

> On the following dates: March 13, 2018, June 1, 2018, June 12,2018, June 14,2018, June 20,2018, July 13, 2018, July 16, 2018, July 17,2018, August 9,2018, August 18, 2018, August 28, 2018, August 29, 2018, September 24, 2018, October 15, 2018, October 31, 2018 for 2 hours and November 26, 2018 **Violation of 1st Amendment Rights**." Administrative Children Services, Law Office of Ralph J Porizo Esq PLLC., Forensic Psychology Services of New York, PPLC., Richmond County Family Court, Richmond County Criminal Court" "See Attachment Kevin Baskerville November 26, 2018", "See Attachment Kevin Baskerville July 11,2018", "See Attachment Forensic Psychology Services of New York, PPLC December 12,2018", "See Attachment Jewish Board Document November 20, 2018", "See Attachment Police DIR- Report", "See Attachment Affirmation In Support of Order to Show Cause April 29, 2018", " See Attachment Affidavit in Response to the Court Proceedings March 7, 2018.

(ECF No. 1 at 13.)

The plaintiff's complaint lists 35 claims, most of which do not correlate to the jurisdictional bases he lists, and all of which are in the same format excerpted above—a list of dates, a type of claim, and then a list of references to various attachments. The claims are:

1. Physical harm
2. Intangible psychological issues
3. Compensable loss
4. Lost or Diminished Earnings
5. Pain and suffering
6. Mental and Emotional Distress
7. Proximate and foreseeable consequence of the defendant's conduct
8. Violation of rights to procedural due process
9. Deprivation of absolute rights
10. Triffling sum
11. Nominal damages
12. Deliberate indifference
13. Violation of 1st Amendment rights
14. Violation of 2nd Amendment rights
15. Violation of 4th Amendment rights
16. Violation of 5th Amendment rights
17. Violation of 6th Amendment rights
18. Violation of 7th Amendment rights
19. Violation of 8th Amendment rights
20. Violation of 14th Amendment rights
21. Deprivation of federal rights
22. Denied liberty and prosperity
23. Due process of law
24. Constitutional rights
25. Tort liability and monetary harm
26. Impairment of reputation
27. Economic injury
28. Provable injury
29. Reckless endangerment
30. Loss of educational service
31. Loss of earning capacity
32. Personal humiliation
33. Egregious conduct
34. Common law doctrine of avoidable consequences
35. Unforseen collateral consequences

(ECF No. 1 at 8-20.)

The plaintiff seeks damages. (ECF No. 1 at 21.)

## DISCUSSION

### a. Standard of review

A *pro se* litigant's submissions must be construed liberally and interpreted "to raise the strongest arguments that they suggest." *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). Nevertheless, the plaintiff must establish that the court has subject matter jurisdiction over the action. *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000); *see also Rene v. Citibank NA*, 32 F. Supp. 2d 539, 541–42 (E.D.N.Y. 1999) (dismissing *pro se* complaint for lack of subject matter jurisdiction). "[S]ubject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). The subject-matter jurisdiction of the federal courts is limited. Federal jurisdiction exists only when a "federal question" is presented, or when there is "diversity of citizenship" and the amount in controversy exceeds $75,000.00. 28 U.S.C. §§ 1331, 1332. Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citation omitted). When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety. *Id.*; *see also* Fed. R. Civ. P. 12(h)(3).

Moreover, even if a plaintiff has paid the filing fee, a district court may dismiss the case, *sua sponte*, if it determines that the action is frivolous. *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000). An action is frivolous as a matter of law when it is "based on an indisputably meritless legal theory"—that is, when it "lacks an arguable

4

basis in law . . . , or [when] a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 473 (2d Cir. 1998).

### b. Notice Pleading under Rule 8

The plaintiff must also comply with the Federal Rules of Civil Procedure, including Rule 8. As the Second Circuit recently stated, "[w]hile we construe *pro se* pleadings liberally, the basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike." *Harnage v. Lightner*, No. 18-CV-1599, 2019 WL 637975, at *2 (2d Cir. Feb. 15, 2019) (summary order) (quoting *Wynder v. McMahon*, 360 F.3d 73, 79 n.11 (2d Cir. 2004)).

Under Rule 8, a pleading must provide "a short, plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative or in response to a motion by the defendant, to strike any portions that are redundant or immaterial, or to dismiss the complaint." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). The Second Circuit has cautioned "that dismissal is 'usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Riles v. Semple*, No. 18-327-PR, 2019 WL 974678, at *2 (2d Cir. Feb. 27, 2019) (summary order) (quoting *Salahuddin*, 861 F.2d at 42). The Second Circuit has "repeatedly emphasized that Rule 8 reflects 'liberal pleading standards,' simply requiring plaintiffs to 'disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery.'" *Id.* (quoting *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000)).

The statement of claim required by Fed. R. Civ. P. 8 "should be short because unnecessary prolixity in a pleading places an unjustified burden on the court and the party who

5

must respond to it because they are forced to select the relevant material from a mass of verbiage." *Salahuddin v. Cuomo*, 861 F.2d at 42 (2d Cir. 1988); *Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972) (per curium) (affirming dismissal of *pro se* plaintiff's 88-page, single-spaced complaint that "contained a labyrinthian prolixity of unrelated and vituperative charges that defied comprehension[,] fail[ing] to comply with the requirement of Rule 8"). The plaintiff utilized a form complaint and names the parties to the action. (ECF No. 1 at 1-5.) The plaintiff then lists more than fifty statutes, codes, rules and the United States Constitution. (*Id.* at 4-5.) The first two pages of the Statement of Claim begin with what appears to be a timeline, and are followed by 12 pages of the 35 paragraphs listing dates, a claim, and references to 169 pages of attachments.

The plaintiff's pleading does not satisfy Rule 8. It does not give the defendants adequate notice of the claims against them, or permit them or the court to determine whether there is a legal basis for recovery. Although I construe the plaintiff's complaint liberally, I am not required to sort through his voluminous submission, match his various lists with the numerous attachments, or search the attachments for material that might be relevant or that might support a claim that the plaintiff has not raised. His statement of claim is merely of an outline that requires digging through the attachments to come up with facts or legal theory that might provide a basis for a claim.

## LEAVE TO AMEND

I grant the plaintiff 30 days to amend his complaint. *See* Fed R. Civ. P. 15(a); *see e.g., Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003) ("[T]he court should not dismiss without granting leave to amend at least once when a liberal reading of the [*pro se*] complaint gives any indication that a valid claim might be stated.") (quoting *Gomez v. USAA Fed. Sav. Bank*, 171

F.3d 794, 795 (2d Cir.1999)).

If the plaintiff chooses to file an amended complaint, he must do so within 30 days of the date of this Order. The amended complaint must be captioned "Amended Complaint" and bear the same docket number as this Order. The plaintiff is advised that an amended complaint replaces the complaint in its entirety.

If the plaintiff files an amended complaint, he must satisfy the minimal filing requirements of Fed. R. Civ. P. 8; he must give the defendants notice of the claims he is making, and include a short, plain statement of the claim showing that he is entitled to relief. To aid the plaintiff with this task, the Clerk of Court is respectfully requested to provide him with a "Complaint for Violation of Civil Rights" form.

## CONCLUSION

The plaintiff is granted 30 days to amend his complaint. If he submits an amended complaint, it will be reviewed for sufficiency under Fed. R. Civ. P. 8. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States,* 369 U.S. 438, 444–45 (1962).

SO ORDERED:

s/Ann M. Donnelly
_____
Ann M. Donnelly
United States District Judge

Dated: March 19, 2019
      Brooklyn, New York