FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ MAY 16 2019 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KEVIN BASKERVILLE,

                Plaintiff,

      -against-

RICHMOND COUNTY FAMILY
COURT; RICHMOND COUNTY
CRIMINAL COURT;
ADMINISTRATION FOR CHILDREN'S
SERVICES; FORENSIC PSYCHOLOGY
SERVICES OF NEW YORK, PPLC; LAW
OFFICE OF RALPH J. PORZIO, ESQ.
PLLC; OFFICE OF THE DISTRICT
ATTORNEY RICHMOND COUNTY,

                Defendant.
------------------------------------------------------------X

**MEMORANDUM & ORDER**
19-CV-00602 (AMD) (LB)

**ANN M. DONNELLY,** United States District Judge:

On January 29, 2019, the plaintiff, Kevin Baskerville, commenced this *pro se* action alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. The complaint was dismissed on March 19, 2019, and the plaintiff was directed to file an amended complaint. (ECF No. 6.) The plaintiff served an amended complaint on April 29, 2019. (ECF No. 9.) The plaintiff paid the statutory filing fee to commence this action. (ECF No. 4.) For the reasons that follow, the claims against Richmond County Family Court, Richmond County Criminal Court, and the Office of the Richmond County District Attorney are dismissed.

## BACKGROUND

The plaintiff's lawsuit is premised on his claim that the defendants failed to intervene in the mental, physical, and emotional abuse of his daughter by the daughter's mother and the mother's boyfriend. (Amended Complaint, ECF No. 9, ¶¶ 14, 35, 54, 68, 84, 113.) For example, he claims that Administration for Children's Services, Forensic Psychological Services of New

1

York, and the Law Office of Ralph J. Porzio publicly humiliated, harassed, and verbally abused him, permitted the child's mother to have unsupervised visits, and did not inform the court that the child was being abused. (*Id.* ¶¶ 56, 63, 66, 68, 77, 82, 94, 97.) The plaintiff also claims that these defendants prevented him from expressing his concerns in violation of his First Amendment rights. (*Id.* ¶¶ 64, 78, 93.)

In addition, the plaintiff makes allegations against Richmond County Family Court, Richmond County Criminal Court, and the Office of the Suffolk County District Attorney, including that they failed to enforce an order of protection protecting his daughter. (*Id.* ¶¶ 18, 36, 107.) He further claims that he was falsely arrested and imprisoned and prevented from presenting evidence to refute claims against himself. (*Id.* ¶¶ 24, 37, 48, 102, 110.) The plaintiff alleges that he is unable to obtain employment or a new residence since he cannot pass a background check. (*Id.* ¶ 112.)

The plaintiff claims that the defendants' unconstitutional and negligent treatment of him and his daughter caused him mental and emotional distress, as well as loss of salary and business opportunities due to court-ordered appearances. (*Id.* ¶¶ 22, 32, 41, 57, 59, 73, 86, 97, 104.)

## STANDARD OF REVIEW

A federal court must "liberally construe[ ]" pleadings by *pro se* parties, who are held to less stringent standards than attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009); *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999). Nevertheless, a district court may dismiss a *pro se* action *sua sponte* – even if the plaintiff has paid the requisite filing fee – if the action is frivolous. *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000). A complaint is frivolous when "'it is clear that the defendants are immune from suit.'" *Montero v. Travis*, 171 F.3d 757,

760 (2d Cir. 1999) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989)); *see also Jolley v. Chatigny*, No. 04-Civ-182, 2004 WL 306116, at *2 (D. Conn. Feb.12, 2004) (when it is clear that the defendants are immune from suit, a dispositive defense appears on the face of the complaint, and the action can be dismissed as frivolous).

## DISCUSSION

The plaintiff's claims against Richmond County Criminal Court, Richmond County Family Court, and the Office of the Richmond County District Attorney must be dismissed because they are state entities and immune from suit. The Eleventh Amendment to the United States Constitution "bar[s] federal suits against state governments by a state's own citizens." *Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006). This bar precludes suits for money damages, as well as injunctive relief. *See McGinty v. New York*, 251 F.3d 84, 91 (2d Cir. 2001). Moreover, sovereign immunity extends "beyond the states themselves to 'state agents and state instrumentalities' that are, effectively, arms of a state." *Woods*, 466 F.3d at 236 (quoting *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997)).

Richmond County Criminal Court and Richmond County Family Court are arms of the state and thus immune from suit. The Second Circuit has ruled that "the New York State Unified Court System is unquestionably an arm of the State, and is entitled to Eleventh Amendment sovereign immunity." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted). New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the state's immunity in enacting 42 U.S.C. § 1983 or any other statute that the plaintiff cites in his complaint. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 39-40 (2d Cir. 1977).

The Office of the Richmond County District Attorney is also entitled to Eleventh Amendment immunity. *See, e.g., Ying Jing Gan v. City of New York*, 996 F.2d 522, 536 (2d Cir. 1993) (a district attorney is entitled to Eleventh Amendment immunity when the plaintiff's "claims center[ ] . . . on decisions whether or not, and on what charges to prosecute"); *see also Shmueli v. City of New York*, 424 F.3d 231, 236 (2d Cir. 2005) (finding that absolute immunity protects a prosecutor "not only from liability but also from suit"). The plaintiff's claims against the Office of the Richmond County District Attorney concern its prosecution of the plaintiff and its decision about whether to prosecute the mother of the plaintiff's daughter. Thus, the plaintiff's claims are barred by the Eleventh Amendment.

## CONCLUSION

The plaintiff's claims against Richmond County Family Court, Richmond County Criminal Court, and the Office of the Richmond County District Attorney, are dismissed. 28 U.S.C. § 1915(e)(2)(B)(iii). The Clerk of Court is directed to amend the caption to reflect the dismissal of these parties.

The case is referred to the Honorable Lois Bloom, United States Magistrate Judge, for pretrial supervision. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                       s/Ann M. Donnelly
                                       _____
                                       Ann M. Donnelly
                                       United States District Judge

Dated: May 16, 2019
        Brooklyn, New York