
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------- X

**KEVIN BASKERVILLE,**

                 Plaintiff,

         - against -

**ADMINISTRATION FOR CHILDREN'S
SERVICES, FORENSIC PSYCHOLOGY
SERVICES OF NEW YORK, PPLC, and LAW
OFFICE OF RALPH J. PORZIO, ESQ. PPLC,**

                 Defendants.

------------------------------------------------------------- X

**MEMORANDUM DECISION
AND ORDER**

19-CV-00602 (AMD) (LB)

**ANN M. DONNELLY,** United States District Judge:

On January 29, 2019, the plaintiff commenced this *pro se* action alleging violations of his

constitutional rights pursuant to 42 U.S.C. § 1983. I dismissed his complaint with leave to

amend on March 19, 2019. (ECF No. 6.) After the plaintiff filed and served an amended

complaint (ECF No. 9), I dismissed *sua sponte* certain state entities—the Richmond County

Criminal Court, Richmond County Family Court, and the Office of the Richmond County

District Attorney—and permitted the case to continue as to the Administration for Children's

Services, Forensic Psychology Services of New York, PPLC, and the Law Office of Ralph J.

Porzio, Esq., PLLC. (ECF No. 15.) These defendants subsequently moved to dismiss the

amended complaint. (ECF Nos. 27, 30, 42.) For the reasons that follow, the defendants'

motions to dismiss are granted.

## BACKGROUND

The plaintiff's lawsuit is premised on his claim that the defendants did not protect his

daughter from mental, physical, and emotional abuse inflicted by his daughter's mother and the

mother's boyfriend. The plaintiff claims that the defendants failed to enforce an order of

protection against the mother, did not make unscheduled visits at her home, and refused to report abuse to the family court. (ECF No. 9 ¶¶ 54, 56, 68, 69, 70, 84, 85.) He claims that they violated his First Amendment rights by "not allowing [him] to express [his] concerns," and his procedural due process rights by not allowing him "to present any evidence to refute the claims against [him]." (*Id.* ¶¶ 61, 64, 75, 78, 91, 93.) The plaintiff claims that he suffered public humiliation, verbal abuse, mental and emotional distress, and two years of salary loss as a result of the defendants' conduct.

## STANDARD OF REVIEW

The standards of review under Rules 12(b)(1) and 12(b)(6) are "substantively identical." *Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 128 (2d Cir. 2003). In deciding both types of motions, the Court must "accept all of the plaintiff's factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff." *Starr v. Georgeson S'holder, Inc.,* 412 F.3d 103, 109 (2d Cir. 2005); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 572 (2007). Dismissal is proper under Rule 12(b)(1) for lack of subject matter jurisdiction "when the district court lacks the statutory or constitutional power to adjudicate" the claim. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Dismissal is proper under Rule 12(b)(6) for failure to state a claim when the complaint does not "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The only "substantive difference" between the standards of review is that under Rule 12(b)(1), "the party invoking the Court's jurisdiction bears the burden of proof to demonstrate that subject matter jurisdiction exists, whereas" under Rule 12(b)(6), "the movant bears the burden of proof on a motion to dismiss[.]" *Seeman v. U.S. Postal Serv.*, No. 2:11-CV-206, 2012 1999847, at *1 (D. Vt. June 4, 2012) (citation omitted).

A *pro se* litigant's complaint is held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520 (1972). The court must read a *pro se* complaint liberally and interpret it to raise the strongest arguments it suggests, especially when it alleges civil rights violations. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1,* 537 F.3d 185, 191–93 (2d Cir. 2008); *Weixel v. Bd. of Educ. of City of New York,* 287 F.3d 138, 146 (2d Cir. 2002) (citing *Weinstein v. Albright,* 261 F.3d 127, 132 (2d Cir. 2001)).

## DISCUSSION

I liberally construe the complaint to assert a First Amendment claim, a procedural due process claim, violation of 18 U.S.C. § 242, negligence, and emotional injury.[1]

"Federal courts are courts of limited jurisdiction," *Durant, Nichols, Houston, Hudgson & Cortese-Costa P.C. v. Dupont,* 565 F.3d 56, 62 (2d Cir. 2009) (citation omitted), and may only hear cases if there is diversity of citizenship or a federal question at issue. 28 U.S.C. §§ 1331, 1332. Of particular relevance in this case, federal courts do not have the power to second guess state court determinations in domestic relations cases; "[t]he Supreme Court . . . has recognized a domestic relations exception to subject matter jurisdiction that 'divests the federal courts of power to issue divorce, alimony, and child custody decrees.'" *Tait v. Powell,* 241 F. Supp. 3d 372, 376 (E.D.N.Y. Mar. 10, 2017) (citing *Ankenbrandt v. Richards,* 504 U.S. 689, 703 (1992)). Pursuant to the exception, "federal courts have discretion to abstain from exercising jurisdiction over issues on the verge of being matrimonial in nature as long as full and fair adjudication is

---

[1] The plaintiff also brings multiple claims on behalf of his minor daughter, alleging that the defendants caused her physical, mental, and emotional harm. But "a *pro se* litigant cannot represent anyone other than h[im]self, not even h[is] own relatives." *Grant v. Cafferri,* 2019 WL 6526007, at *7 (E.D.N.Y. 2019) (citing *Cheung v. Youth Orchestra Found. of Buffalo, Inc.,* 906 F.2d 59, 61 (2d Cir. 1990)). Accordingly, any claims brought on behalf of the plaintiff's minor daughter are dismissed.

available in state courts." *Fisher v. Clark*, No. 08-CV-3807, 2009 WL 3063313, at *2 (E.D.N.Y. Sep. 24, 2009) (internal quotations, alterations, and citations omitted).

The plaintiff makes the following federal claims: a procedural due process claim, a First Amendment claim, and a claim pursuant to 18 U.S.C. § 242. However, each claim "begin[s] and end[s] in a domestic dispute." *Tait*, 241 F. Supp. 3d at 377 (citing *Schottel v. Kutyba*, No. 06-CV-1577, 2009 WL 230106, at *1 (2d Cir. Feb. 2, 2009) (unpublished)). According to the plaintiff, he lost "approximately two (2) years of salary and clients due to family court ordered appearances[.]" (ECF No. 9 ¶ 57.) He claims that the defendants did not prevent harm to his daughter, causing him mental and emotional distress, public humiliation, harassment, and abuse. (*Id.* ¶¶ 59, 66.) Each defendant—the psychology services organization appointed by the family court judge, the attorney for the plaintiff's daughter in the custody dispute, and the Administration for Children's Services—is involved in the welfare and custody of the plaintiff's daughter. Thus, the plaintiff's complaint "is, at heart, a dispute surrounding the custody of a child."[2] *Schottel*, 2009 WL 230106, at *1.

"Although the plaintiff styles some of his claims as raising constitutional issues, the allegations stem from an on-going state domestic relations matter and are thus outside this Court's jurisdiction." *Perso v. Perso*, No. 19-CV-2858, 2019 WL 4415399, at *3 (E.D.N.Y. Sep. 13, 2019) (dismissing Section 1983 action against various attorneys in a state court child custody matter) (collecting cases); *see also Neustein v. Orbach*, 732 F. Supp. 333 (E.D.N.Y. 1990) ("If, however, in resolving the issues presented, the federal court becomes embroiled in

---

[2] This finding is bolstered by the plaintiff's recent emergency request for a pretrial conference in which he claims that the family court judge "has again" violated his, his daughter's, and his family's constitutional rights. (ECF No. 67.) Because I dismiss this case for lack of subject matter jurisdiction, I also deny the plaintiff's emergency request for a pretrial conference.

factual disputes concerning custody and visitation matters, the action must be dismissed.").[3] Accordingly, the plaintiff's complaint must be dismissed for lack of subject matter jurisdiction.

## CONCLUSION

For the reasons explained above, I grant the defendants' motions to dismiss with prejudice.[4] The Clerk of Court is respectfully directed to enter judgment in favor of the defendants and close this case.

**SO ORDERED.**


s/Ann M. Donnelly

Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
    January 3, 2020

---

[3] Even if the Court had subject matter jurisdiction, I would dismiss the plaintiff's complaint for failure to state a claim. Aside from the question of whether the defendants are suable entities, the plaintiff's complaint is devoid of factual allegations. For example, the plaintiff merely states that the defendants violated his First Amendment and procedural due process rights by inhibiting his ability to express his concerns and preventing him from bringing evidence in his defense. The complaint does not specify what the defendants did to violate the plaintiff's rights. Instead, the complaint alleges "legal conclusions" that, without factual allegations to support them, "are not entitled to the assumption of truth." *Ashcroft*, 556 U.S. at 1940. Additionally, the plaintiff's claim under 18 U.S.C. § 242 fails because the statute does not create a private right of action. *Powell v. Kopman*, 511 F. Supp. 700, 704 (S.D.N.Y. 1981).

[4] The plaintiff's state law claims for negligence and emotional distress are dismissed without prejudice to the plaintiff bringing them in state court.